## SANFORD v. AMERICAN SEATING CO.

Circuit Court of Appeals, Seventh Circuit.
February 16, 1928.

Rehearing Denied June 12, 1928.

No. 3925.

Patents ⬅328—1,454,565, for combined desk and seat, claim 4, held invalid and not infringed.

Patent No. 1,454,565, of 1923, to Sanford, for combined desk and seat, claim 4, covering device of class specified, comprising longitudinally arranged metal pipe, transverse metal pipes at opposite ends of first-mentioned pipe, which transverse pipes were connected by couplings with first-mentioned pipe, elbows at opposite ends of transverse pipes to form short downwardly extending legs, upwardly extending pipes at junctions of longitudinal and transverse pipes, said upwardly extending pipes being connected with the other pipes by means of couplings, a desk at upper end of one upright pipe, and seat at upper end of the other, *held* invalid and not infringed.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Patent infringement suit by Augustine C. Sanford against the American Seating Company. From the decree, plaintiff appeals. Affirmed.

A. Miller Belfied, of Chicago, Ill., for appellant.

Cyrus W. Rice, of Grand Rapids, Mich., for appellee.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge. The patent in issue is No. 1,454,565, 1923, to Sanford, for a combined desk and seat. Claim 4, which alone is involved, is:

"4. A device of the class specified, comprising a longitudinally arranged metal pipe, transverse metal pipes at the opposite ends of said first-mentioned pipe, said transverse pipes being connected by couplings with the first-mentioned pipe, elbows at the opposite ends of said transverse pipes to form short downwardly extending legs, upwardly extending pipes at the junctions of said longitudinal and transverse pipes, said upwardly extending pipes being connected with the other pipes by means of said couplings, a desk at the upper end of one upright pipe, and a seat at the upper end of the other."

The decree appealed from finds the claim invalid and not infringed.

To the extent that the structure supporting the chair and the desk is such as to secure a standard which may readily accommodate itself to irregularity in floors, and which will effectively support, without attachment to the floor, we may refer to United States patents No. 1,051,452, 1913, to Rock; No. 1,102,140, 1914, to Collins; and No. 1,195,626, 1916, to Thum. While the base of the patent structure varies in form from what was before shown, we cannot feel that such change patentably distinguishes from what before existed.

The portability of the device is earnestly pressed in its favor. Although it would appear from the patent drawings that attachment to the floor was not contemplated, and that the device is portable, this claim does not cover portability; and, if it did, there would be in this quality no patentable advance over earlier combination devices of desk and chair. One such appears in patent No. 367,037, 1887, to Gough et al. While there the pedestal supporting the desk is secured to the floor, if portability was desired there would be no patentable advance in removing the screws and making the pedestal somewhat broader at the base to guard against tipping over; nor would there be patentability in substituting legs for the pedestal.

The District Court's holding of invalidity of claim 4 was clearly justified. In view of the crowded earlier patent art respecting such bases, we believe the decree was likewise correct in holding that appellee's very different structure did not infringe the particular base described in claim 4.

The decree is affirmed.